James Matthew ROGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00085–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 3, 2002.

Decided Aug. 1, 2002.

Henry Whitley, Big Sandy, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Chief Justice William J. CORNELIUS (Retired).

James Matthew Rogers appeals from his conviction for aggravated sexual assault of a child. A jury convicted Rogers, and at his election, the trial court assessed his punishment at twenty years' imprisonment. Rogers' counsel on appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he takes the position that the appeal is without merit, but he then sets out as an arguable ground for appeal that Rogers was denied effective assistance of counsel. Counsel informed Rogers that the brief was for a frivolous appeal and that he had the right to file a pro se brief. Rogers has not filed a brief, so the case is submitted on counsel's brief alone.

Rogers was indicted for aggravated sexual assault of E.B., age 13, and sexual assault of J.J., age 14. The two charges were tried together. Although evidence showed that Rogers had sexual intercourse with both girls, he was indicted only for digitally penetrating the girls' sexual organs. The jury convicted Rogers of the aggravated sexual assault of E.B. and the sexual assault of J.J. Rogers' punishment was set at twenty years' imprisonment on each charge, the sentences to run concurrently.

Rogers contends he was denied effective assistance of counsel at trial because his counsel did not move to sever the two charges; because his counsel presented a defense of consent when it was not a viable defense; because his counsel pursued prejudicial testimony on cross-examination; because his counsel should have entered a guilty plea since he admitted his guilt on the stand; and because his counsel did not request that a reasonable doubt instruction be included in the jury charge. We overrule Rogers' ineffective assistance contention and affirm the judgment.

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and has been adopted for Texas in *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim. App.1986). To prevail on an ineffective assistance claim, the appellant must prove by a preponderance of the evidence (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex.Crim.App.1999). To meet this burden, the appellant must prove that his attorney's representation fell below the standard of prevailing professional norms and there is a reasonable probability that, but for his attorney's deficient performance, the result of the trial would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App.2000).

Rogers first contends that his counsel was ineffective because he failed to move to sever the two cases and instead agreed to try them together. The charges against Rogers arose out of the same criminal episode, so Rogers did not have a right to sever them. *See* TEX. PEN.CODE ANN. § 3.04 (Vernon Supp.2002). The Code states that, although the right to severance does not apply, the court may sever the cases if it determines that either the defendant or the state would be unfairly prejudiced by the joinder of the offenses.

---

* William J. Cornelius, C.J., Retired, Sitting by Assignment

Thus, in this case, the trial court had the discretion to order the sentences for these offenses to run either concurrently or consecutively. TEX. PEN.CODE ANN. § 3.03(b)(2) (Vernon Supp.2002). To be entitled to a severance, Rogers was required to show that he would be prejudiced by a joint trial. TEX. PEN.CODE ANN. § 3.04(c). Assuming he could make such a showing, the trial court still would have had the discretion to make his sentences run concurrently or consecutively. TEX. PEN.CODE ANN. § 3.04(b). Therefore, even if Rogers had obtained a severance of the charges, he would have been in no better position to receive concurrent sentences than he was in the joint trial. *See Burruss v. State*, 20 S.W.3d 179, 187 (Tex.App.-Texarkana 2000, pet. ref'd).

There is another reason, however, why it may have been advantageous for Rogers to seek a severance. If the cases had been tried separately, Rogers might have been able to avoid having evidence admitted about the extraneous sexual acts he committed with J.J. The acts of digital penetration were committed on both girls during the same occurrence, so evidence of those acts against J.J. would have been admissible as same transaction contextual evidence, but other acts, such as the sexual intercourse with J.J., were with her alone, and evidence of those acts could possibly have been excluded in a separate trial.

However, Rogers has provided no evidence concerning his trial counsel's strategy in not seeking a severance and in allowing evidence of the acts with J.J. to be admitted in evidence. Rogers testified and freely admitted the sexual intercourse with both minor victims. Rogers' primary defense was that E.B. was not young enough to make the offense on her aggravated sexual assault and that the sexual acts with both girls were consensual. While consent could not be a legal defense,

it conceivably could have been relevant and persuasive for mitigation of the punishment. Rogers' trial counsel apparently wanted Rogers to be open with the jury about all the sexual interplay with both girls in order to show the jury that all of those acts were part of a pattern that was fully consensual. Defense counsel put in evidence that one of the girls, as well as her mother, did not want to press charges against Rogers and did not believe he should be prosecuted.

■ Moreover, Rogers' trial counsel may have decided that he could not prevail in a challenge to the State's motion to consolidate the cases. Alternatively, he could have chosen not to oppose the State's motion because he knew that Rogers planned to admit committing the offenses. *See Prudhomme v. State*, 47 S.W.3d 683, 691 (Tex.App.-Texarkana 2001, pet. ref'd). Under any of these situations, counsel's actions in not seeking a severance would not be deficient.

Because Rogers has failed to show that his counsel's failure to seek a severance or try to exclude the extraneous evidence relating to the acts with J.J. was not sound trial strategy, he has failed to show that his counsel's representation was deficient in these respects.

■ Rogers also complains because his trial counsel pursued prejudicial testimony on cross-examination. That testimony was elicited on defense counsel's cross-examination of Rogers' former girlfriend after she nonresponsively stated that Rogers had raped her. Although counsel obtained an instruction to disregard the testimony, in light of the likelihood that a jury would not actually forget such a statement, we do not find counsel ineffective because he pursued that matter on cross-examination. He obtained an admission by the girlfriend that she had tried to press charges against Rogers, but that a grand jury had declined

to indict him on the charge. We do not find counsel's acts in this regard ineffective.

 Appellate counsel also argues that trial counsel should have entered a guilty plea since Rogers admitted on the stand that he was guilty of the charged acts. Under this record, we cannot determine whether the admission was anticipated by his trial counsel, or if he was trying to favorably impress the jury with Rogers' candor in order to lessen the punishment. Further, Rogers did not admit that he had committed all of the acts that the victims testified he did, so he did not make a complete admission in all respects. In these circumstances, we cannot conclude that counsel was ineffective for failing to have his client plead guilty rather than proceeding to trial.

Rogers also complains that his trial counsel was ineffective because he did not request the court to provide a reasonable doubt instruction as part of the jury charge. The Texas Court of Criminal Appeals has recently held that trial courts are now not required to instruct juries on the definition of beyond a reasonable doubt, and that the better practice is to give no definition to the jury. *Paulson v. State,* 28 S.W.3d 570 (Tex.Crim.App.2000). Consequently, trial counsel was not ineffective for failing to request such an instruction.

The judgment is affirmed.