Affirmed and Memorandum Opinion filed September 26, 2006








Affirmed and Memorandum Opinion filed September 26, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00359-CR

_______________

 

DAVID ERIC MOLINAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 999,250

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

David Eric Molinar appeals a
conviction for sexual assault of a child[1]
on the grounds that: (1) the trial court abused its discretion and denied his
right to confrontation by excluding evidence of the complainant=s prior sexual activity; (2) his
trial counsel=s closing argument denied appellant effective assistance of counsel; and
(3) the evidence was legally and factually insufficient to support the
verdict.  We affirm.








Appellant=s first and third issues assert that
the trial court abused its discretion by excluding evidence of the complainant=s prior sexual activity because: (1)
it was admissible under Texas Rule of Evidence 412(b)(2)(C) to show motive or
bias; and (2) the prosecution opened the door to this evidence by eliciting
testimony from the complainant that she was a virgin prior to having sexual
intercourse with appellant. 

We review a trial court=s decision to admit or exclude
evidence under an abuse of discretion standard.  Shuffield v. State, 189
S.W.3d 782, 787 (Tex. Crim. App. 2006) petition for cert. filed, __
US.L.W. __ (U.S. July 19, 2006) (No. 06-6055).  As  relevant here, in a
prosecution for sexual assault, reputation or opinion evidence of the past
sexual behavior of an alleged victim is not admissible, and specific
instances of an alleged victim=s past sexual behavior is admissible only if it relates to
the motive or bias of the alleged victim and the probative value outweighs the
danger of unfair prejudice.  Tex. R.
Evid. 412(a), (b)(2)(C), (b)(3).  In addition, A[s]pecific instances of the conduct
of a witness, for the purpose of attacking or supporting the witness= credibility . . . may not be
inquired into on cross-examination of the witness nor proved by extrinsic
evidence.@  Tex. R. Evid. 608(b).








During the guilt-innocence phase of
trial, appellant sought admission of testimony by the complainant regarding her
past sexual behavior to rebut her testimony on direct that: (1)  she had staged
a suicide attempt to gain sympathy and as a diversionary tactic because she
didn=t want to tell on appellant or
disclose that they had a relationship; and (2) she was a virgin.  Appellant
contends that evidence of her prior sexual activity would have indicated her
relationship with him was not the only reason behind her staged suicide
attempt.[2] 
Additionally, while appellant was later testifying before the jury, his counsel
asked the trial court if he could go into the matters elicited from appellant
during an offer of proof[3] regarding the
complainant=s prior sexual experience, without stating any basis for admission of the
evidence.  After the State objected  (also without stating a basis) to such
testimony, the trial court excluded the testimony, stating that the Aprejudicial value far outweighs any
probative value based on the proffer. . . .@[4]  

We find no indication in the record,
either during trial or in any discussion outside the presence of the jury, that
appellant sought admission of the excluded evidence under any part of rule 412
or on the basis that the prosecutor had Aopened the door@ to it.[5] 
Nor does appellant=s brief challenge the trial court=s ruling that the evidence was
unfairly prejudicial (i.e., even if related to motive or bias of the
complainant).  Therefore, appellant=s first and third issues were not
preserved for our review[6] and are
overruled.








Appellant=s second issue argues that the trial
court=s exclusion of this same evidence
violated his right of confrontation because it prevented him from confronting
the complainant regarding her bias.  Again, however, an appellate court will
not consider errors, even those of constitutional magnitude, not called to the
trial court=s attention.  See Reyna v. State, 168 S.W.3d 173, 179-80 (Tex.
Crim. App. 2005).  Because appellant did not argue at trial that exclusion of
the proffered evidence denied his right to confrontation, he has not preserved
his second issue for our review,[7] and it is
overruled.

Appellant=s fourth issue complains the same
evidence was admissible during the punishment phase of his trial in mitigation
of punishment because the facts of the complainant=s past behavior mitigated the
appearance of the relationship between her and appellant.[8]

 Evidence may be offered by the
defendant as to any matter the court deems relevant to sentencing, including
the circumstances of the offense for which he is being tried.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(a)(1) (Vernon Supp. 2006). 
However, evidence of specific instances of an alleged victim=s past sexual behavior is admissible
only for specified limited purposes, which do not expressly include mitigation
of punishment.  See Tex. R. Evid.
412(b)(2)(B), (C).

Here, appellant does not explain how
the complainant=s past sexual relationships with anyone else or the extent of
the appearance of a relationship between him and the complainant have any
bearing on punishment or mitigation, let alone for any purpose that would be
permitted under rule 412.  Accordingly, appellant=s fourth issue does not demonstrate
the trial court abused its discretion in excluding this testimony, and it is
overruled.








Ineffective Assistance

Appellant=s fifth issue contends he was denied
effective assistance of counsel because his trial counsel made the following
comments during closing argument, which appellant complains suggested to the
jury that his own lawyer doubted his credibility:

When [the
prosecutor] talks to you in a moment, he=s
going to do his very best job to convince you that my client is guilty.  He
doesn=t know if he is guilty or not.  Neither do I.  We=re just the lawyers in the case summing up our parts
in the case.  His job is to do his very best in presenting his case, which
includes making the best arguments he can make.  I can=t respond to it.  I=m
going to have to sit there and take it.  You can. 

A defendant=s right to effective assistance of
counsel is denied when a defense attorney=s performance falls below an
objective standard of reasonableness and there is a reasonable probability
that, but for the error, the result of the proceeding would have been
different.  Yarborough v. Gentry, 540 U.S. 1, 5 (2003); Scheanette v.
State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004), cert. denied, 543
U.S. 1059 (2005).  Counsel has wide latitude in deciding how best to represent
a client and deference to counsel=s tactical decisions in his closing
presentation is particularly important because of the broad range of legitimate
defense strategies at that stage, including foregoing jury argument altogether.
 Yarborough, 540 U.S. at 6.  Finally, ineffective assistance of counsel
cannot be established by isolating one portion of trial counsel=s performance for examination.  Robertson
v. State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).








We do not agree that the challenged
statements indicate that appellant=s trial counsel doubted appellant=s credibility.  Even if such an
inference could be drawn from them, the record does not contain any explanation
of his counsel=s reason for making these comments,[9]
and appellant has cited no case in which such an indirect comment has been held
to constitute ineffective assistance.  Nor does appellant=s brief demonstrate a reasonable
probability that, but for such an isolated statement, the result of the
proceeding would have been different. Therefore, appellant=s fifth issue fails to show
ineffective assistance of counsel and is overruled. 

Sufficiency of the Evidence

Appellant=s sixth and seventh issues assert
that the evidence was not legally or factually sufficient to support his
conviction because the complainant was the only witness to contradict his
claim, supported by other witnesses, that he did not leave his house on the
night in question, and her credibility was undermined by the inconsistencies in
her statements at trial and her earlier statements to police officers, as well
as her history of emotional and drug problems.

In reviewing legal sufficiency, we
view the evidence in the light most favorable to the verdict to determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Prible v. State, 175 S.W.3d 724,
729-30 (Tex. Crim. App. 2005), cert. denied, 74 U.S.L.W. 3246 (U.S. Oct.
17, 2005) (No. 05-5773).  In reviewing factual sufficiency, we view the
evidence in a neutral light, both for and against the finding, and set aside
the verdict only if proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, while adequate if
taken alone, is greatly outweighed by contrary proof.  Id. at 730-31.

Here, the complainant described the
events constituting the assault, which occurred when she was fourteen years
old.  Even if this testimony had been uncorroborated, it would be sufficient to
support the conviction.  See Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).  However, the
complainant=s former best friend also testified that the complainant had told her
after returning from being with appellant that she had had sex with him.  This
evidence was legally sufficient to support appellant=s conviction.








Conversely, appellant testified that
he and complainant did not engage in sexual intercourse, and presented
several friends and family members who testified that they were present at
appellant=s apartment on the night in question and that, to their knowledge, 
appellant never left the apartment that night.  However, all of these witnesses
admitted that they had fallen asleep during the night, and several of them even
stated that it was possible that appellant had left the apartment sometime during
the night.

Although there is conflicting
evidence, the proof of appellant=s guilt is not so obviously weak, nor
does the contrary proof so greatly outweigh the State=s evidence, as to render the evidence
factually insufficient.  Accordingly, appellant=s sixth and seventh issues are
overruled, and the judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed September 26, 2006.

Panel consists of Justices Anderson,
Hudson, and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury convicted appellant and assessed
punishment of 10 years confinement with a recommendation of community
supervision.  The trial court entered judgment on the verdict, sentencing appellant
to 10 years community supervision.





[2]           Appellant made a bill of exception, in
which, after asking the complainant about the number of sexual partners she had
had before her relationship with appellant and her history of drug abuse, the
complainant specifically denied that either of these factors had anything to do
with her staged suicide attempt.  At the conclusion of this testimony, the
following exchange occurred between appellant=s trial counsel and the trial court:

Defense
Counsel: Do we just renew our request to be able to go into this information?

The
Court:  All right.  Your request will be denied.  My ruling will be the same.

In any
event, even if the complainant=s prior sexual
activity was part of the reason for the staged suicide attempt, it is not
apparent how that either shows motive or bias in accusing appellant of the
assault or is otherwise probative of any other material issue.





[3]           Appellant testified in an offer of proof
that the complainant had told him about her sexual past, emotional problems,
that her father had molested her when she was younger, and that, on the evening
in question, another individual had forced himself upon her.  However, it is
not apparent how this testimony shows a bias or motive of the complainant in
accusing appellant of the assault.





[4]           See Tex. R. Evid. 412(b)(3) (stating that evidence of specific
instances of an alleged victim=s past sexual
behavior is not admissible unless Aits
probative value outweighs the danger of unfair prejudice@).





[5]           A point of error on appeal must comport
with the objection made at trial.  See Swain v. State, 181 S.W.3d 359,
364 (Tex. Crim. App. 2005), petition for cert. filed, __U.S.L.W. __
(U.S. Apr. 25, 2006) (No. 05-11514).





[6]           See Reyna v. State, 168 S.W.3d 173,
176-77 (Tex. Crim. App. 2005).





[7]           See Reyna, 168 S.W.3d at 179-80
(holding that when arguments for admission of evidence may be based on the
Rules of Evidence or the Confrontation Clause, a defendant fails to preserve
error on Confrontation Clause grounds when he does not clearly articulate that
the Confrontation Clause demands admission of the evidence).





[8]           The record reflects that, at the beginning
of the punishment phase and outside the presence of the jury, appellant
attempted to recall the complainant so that he could further Adevelop the sexual history . . . because now we=re in punishment and I don=t think that the shield rule applies in the punishment
hearing.@  However, rule 412 is not limited in its
applicability to the guilt-innocence phase of trial.  See Tex. R. Evid. 412; see also Eaves v.
State, 141 S.W.3d 686, 693 (Tex. App. Texarkana 2004, pet. ref=d). 





[9]           See, e.g., Scheanette, 144
S.W.3d at 510.