Affirmed and Memorandum Opinion filed May 8, 2007








Affirmed and Memorandum Opinion filed May 8, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01137-CR

____________

 

RUSSELL  KEVIN THOMPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 03CR0733

 



 

M E M O R A N D U M  O P I N I O N

Challenging his conviction for aggravated sexual assault of
a child, appellant Russell Kevin Thompson contends the trial court violated his
constitutional right to present a defense by refusing to admit evidence
allegedly showing that the complainant=s uncle had
sexually abused her.  Appellant also asserts he was denied effective assistance
of counsel.  We affirm. 








I.  Factual
and Procedural Background

Appellant was charged with aggravated sexual assault of a
child younger than fourteen years of age.  He  pleaded Anot guilty.@  In the jury
trial that followed, the State presented as its first witness the female child
victim, M.Q., whose maternal grandmother, Mary Thompson, is married to
appellant.  M.Q. was nine years old at the time of the charged offense and
twelve years old at the time of trial.  She testified that appellant sexually assaulted
her on two specific occasions.  According to M.Q., both incidents took place in
the apartment M.Q.=s grandmother shared with appellant.

Describing the first incident, M.Q. testified that in
December 2001, she and her younger brother went to the apartment to spend the
night.  That evening, M.Q. went to sleep on the living room couch, only to be
awakened some time later by appellant removing her shorts and underwear.  M.Q.
testified that after appellant removed her clothing, he spread her legs and put
his mouth on the lower part of her private area.  M.Q. described the second
incident as taking place around July 4, 2002.  On that occasion, she was
staying with her grandmother and appellant, and she again was sleeping on the
couch in the living room.  According to M.Q., appellant woke her up by touching
her arm or shoulder and then touched her bottom below her waist while exposing
his penis. 

After the State rested its case and before the defense
presented any witnesses, the trial court held a hearing outside the presence of
the jury to consider the propriety of admitting evidence allegedly showing that
M.Q.=s uncle had
sexually abused her prior to December 2001.  The defense urged the trial court
to admit this testimony;  however, the trial court denied appellant=s request to
present to the jury any evidence of this alleged previous incident. 
Thereafter, in presenting his case, appellant called only one witness, his
wife.  The jury found appellant guilty of the charged offense and assessed
punishment at eighteen years= confinement in the Institutional Division
of the Texas Department of Criminal Justice and a fine of $5,000.








                                          II.
Issues and Analysis

         Appellant challenges his
conviction, asserting the trial court denied him the right to present a defense
under the Adue process clause of the Sixth
Amendment of the United States Constitution.@ Additionally, appellant complains that he received
ineffective assistance of counsel based on his trial counsel=s alleged failure to obtain an
expert to assist in the cross-examination of an adverse witness and his counsel=s alleged failure to investigate
and use an expert to present a defense.  

 

A.      Did
appellant preserve error as to his first issue? 








In his first issue, appellant contends the trial court=s exclusion of
evidence of an alleged sexual offense against M.Q. by her uncle constituted a
denial of his right to present a defense under the Adue process clause
of the Sixth Amendment of the United States Constitution.@[1]   Although the
exact nature of the alleged constitutional violation is not clear, appellant
appears to be asserting that, by refusing to admit this evidence regarding
alleged prior sexual abuse by M.Q.=s uncle, the trial
court violated appellant=s right to present a defense based on some
provision of the United States Constitution.  In the trial court, appellant
asserted that this evidence was admissible under Texas Rule of Evidence 412(b)
as relating to the motive or bias of M.Q.  See Tex. R. Evid.  412(b).  However, at no time in the trial
court did appellant assert that the trial court=s refusal to admit
this evidence violated his constitutional right to present a defense.[2] 
In fact, appellant did not assert any constitutional violation in the trial
court.  Therefore, appellant has failed to preserve error as to his first
issue.  See Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)
(holding appellant did not preserve error as to argument that exclusion of
evidence violated Sixth Amendment because appellant did not refer to the
constitution in the trial court and did not put the trial court on notice that
he was alleging a constitutional violation); Eaves v. State, 141 S.W.3d
686, 690B91 (Tex. App.CTexarkana 2004,
pet. ref=d) (holding
appellant failed to preserve error as to trial court=s alleged
violation of Sixth Amendment by refusal to admit evidence that child
sexual-assault complainant previously had been sexually assaulted, given that
appellant did not voice this argument in the trial court).  Accordingly, we
overrule appellant=s first issue.

B.      Was
appellant denied effective assistance of counsel? 








In his second issue, appellant contends that his trial
counsel was ineffective  in failing to investigate the necessity of obtaining
an expert to assist in trial preparation and presentation of appellant=s defense and in
failing to use such an expert.  In his third issue, appellant argues that his
trial counsel was ineffective because he failed to obtain an expert to assist
in the cross-examination of adverse witnesses such as M.Q. and M.Q.=s mother.[3]  
       Both the United
States and Texas Constitutions guarantee an accused the right to assistance of
counsel. U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon 2005).  This right
necessarily includes the right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Ex
parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove
ineffective assistance of counsel, appellant must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 688B92.   Moreover, appellant bears the burden of proving his
claims by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d
954, 956 (Tex. Crim. App. 1998). 








In assessing appellant=s claims, we apply
a strong presumption that trial counsel was competent.  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  When, as in this case, there is no proper evidentiary record developed
at a hearing on a motion for new trial, it is extremely difficult to show that
trial counsel=s performance was deficient.  See Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  If there is no hearing or if
counsel does not appear at the hearing, an affidavit from trial counsel becomes
almost vital to the success of an ineffective-assistance claim.  Stults v.
State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  The Court of Criminal Appeals
has stated that it should be a rare case in which an appellate court finds
ineffective assistance on a record that is silent as to counsel=s trial strategy.  See Andrews,
159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  On a silent record, this court can
find ineffective assistance of counsel only if the challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@  Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).

As to
trial counsel=s alleged failure to investigate the necessity of obtaining an expert to
assist in trial preparation and presentation of appellant=s defense, there
is no evidence in our record that appellant=s trial counsel
failed to conduct such an investigation.  Therefore, appellant has failed to carry his burden of
proving ineffective assistance of counsel by a preponderance of the evidence.  








Furthermore,
as to the alleged ineffectiveness of appellant=s trial counsel in failing to
investigate the need for an expert and in failing to use an expert witness, our
record does not contain any explanation from counsel as to his trial strategy. 
When,
as in this case,  the record is silent as to trial counsel=s strategy, an
appellate court may not speculate about why counsel acted as he did.  See
Toney v. State, 3 S.W.3d 199, 210 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).  In the absence of such testimony, it
is difficult to meaningfully address appellant=s claims.  See
Davis v. State, 930 S.W.2d 765, 769 (Tex. App.CHouston [1st Dist.]
1996, pet. ref=d).  We can only conclude appellant has failed to
carry his burden of proving ineffective assistance of counsel by a
preponderance of the evidence.   See Bone, 77 S.W.3d at 830 (refusing to
reverse on appellant=s claim of ineffective assistance of
counsel in the absence of evidence explaining counsel=s decisions); Thompson,
9 S.W.3d at 813 (stating that unfounded allegations will not support a
claim of ineffective assistance of counsel).   Moreover, the record does not
show that the alleged conduct of appellant=s trial counsel was so outrageous that no competent
attorney would have engaged in it.  See Goodspeed, 187 S.W.3d at 392.  Furthermore, the
record does not demonstrate what such an investigation would have revealed or
how such an expert would have aided counsel=s cross‑examination
of the State=s witnesses, his trial preparation, or his
presentation of appellant=s defense.  Therefore, appellant has not
shown that there is a
reasonable probability that the result of the proceeding would have been
different but for trial counsel=s alleged ineffectiveness.

Finally,
the cases on which appellant relies are not on point.  See Ex parte Briggs,
187 S.W.3d 458, 465B70 (Tex. Crim. App. 2005) (concluding appellant=s trial counsel did not have a
strategic motive for failing to hire an expert based on testimony of defendant=s trial counsel in habeas
proceeding); Wright v. State, No. 01-05-00597-CR, 01-05-00599-CR, CS.W.3dC,C, 2006 WL 2076148, at *3B8 (Tex. App.CHouston [1st Dist.] Feb. 27, 2006,
pet. ref=d) (concluding appellant=s trial counsel did not have a
strategic motive for failing to hire an expert based on testimony of appellant=s trial counsel at hearing on motion
for new trial).  Accordingly, we overrule appellant=s second and third
issues. 

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed May 8, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  The Sixth Amendment to the United States
Constitution contains no due process clause, although it does contain a
confrontation clause and a compulsory process clause that are mentioned in a
quotation in appellant=s argument.  See U.S. Const. amend. VI.  The Fifth and Fourteenth Amendments
to the United States Constitution contain due process clauses.  See U.S. Const. amend. V, amend. XIV, ' 1.  





[2]  At one point in the trial, appellant=s counsel asked the trial court if he could ask
appellant=s wife whether she believed that her husband was being
framed.  When the court indicated that appellant=s counsel could not ask this question, appellant=s counsel commented, AThat=s limiting our defense. That=s our defense.@ 
This comment does not amount to an objection on constitutional grounds, and it
is not directed at alleged evidence that M. Q.=s  uncle previously had sexually abused her.  Therefore, this comment
did not preserve error as to appellant=s
first issue.  





[3]  In his appellate brief, appellant also asserts that
he was denied effective assistance of counsel because his trial counsel failed
to do the following: 

 

(1)        cross-examine the complainant and her
mother;

(2)        put the outcry in proper context; 

(3)        explain the problems with the State=s investigation;

(4)        identify and investigate defense witnesses;


(5)        contact and interview potential witnesses; 

(6)        contact and interview the complainant and
her mother, who was the outcry witness;

(7)        contact and interview the Children=s Protective Services caseworker who conducted a
videotaped interview of the complainant; 

(8)        interview the State=s expert witness; 

(9)        conduct a hearing outside the presence the
jury in accordance with Texas Rule of Evidence 705(b); 

(10)      attend pre-trial conferences; and 

(11)      file defense motions in order to present a
defense. 

 

However,
other than simply identifying them, appellant has not briefed the foregoing 
alleged instances of ineffective assistance or provided either authority or
record citations for them.  Appellant=s
cryptic references to instances of alleged ineffectiveness, without adequate
discussion of the record or authorities, are insufficient to present these
issues for appellate review.  Because these issues are not mentioned elsewhere,
much less adequately briefed or analyzed, and because they do not appear to be
part of any larger argument, they are waived. See Hankins v. State, 132
S.W.3d 380, 385 (Tex. Crim. App. 2004) (stating issue inadequately briefed
because appellant failed to provide any argument or authority in support of
contention); Swearingen v. State, 101 S.W.3d 89, 100 (Tex. Crim. App.
2003) (finding issue inadequately briefed because appellant failed to apply law
to facts as required under appellate rules); Jensen v. State, 66 S.W.3d
528, 545 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (concluding that A[b]ecause appellant=s argument on
this point of error contains no citations to the record, he has waived
appellate review of his complaint@). 
In any event, appellant has not briefed or shown how there is a reasonable
probability that the result of the proceeding would have been different but for
any of these alleged instances of ineffective assistance.