IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00296-CR

 

Travis Lee Phillips,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 06-05-13991-BCCR

 



MEMORANDUM  Opinion



 








            A jury convicted Travis Lee Phillips
of burglary of a habitation and sentenced him to twenty years in prison and a
$3,000 fine.  In one issue, Phillips argues that the admission of ten
photographs in evidence violated his right to due process because they were not
produced in compliance with the trial court’s pretrial discovery order.  We
affirm.

Two days before voir dire and several days before trial
on the merits, the State produced ten photographs of items allegedly stolen
during the burglary of Mark and June Hodde’s home and found in Phillips’s
home.  Arguing that the photographs were not produced in accordance with the trial
court’s standard discovery order, Phillips filed a motion in limine to exclude
the photographs.  The State maintained that it was unaware that the photographs
existed because they had been in the possession of the police department.  The
trial court denied Phillips’s motion.

            At trial, Phillips objected to the admission
of the photographs: 

DEFENSE COUNSEL:  Your Honor, at this point I
would reurge my pretrial objection to the admission of these photographs based
on the timeliness of their production to me.

 

COURT:  That objection is overruled.  They are
admitted.

 

No further objections were made to the
photographs.

 

At no time did Phillips specifically object that
either the alleged denial of discovery or the admission of the photographs
violated due process.[1]  See Saldano v. State, 70
S.W.3d 873, 889 (Tex. Crim. App. 2002) (“[F]ailure
to object in a timely and specific manner during trial forfeits complaints
about the admissibility of evidence,” including constitutional complaints); see
also Eaves v. State, 141 S.W.3d 686, 691 (Tex. App.—Texarkana 2004,
pet. ref’d) (“constitutional errors may be waived or forfeited
by a failure to make a timely and specific assertion of the right”).  His due
process complaint is not preserved for appellate review.

Moreover, “error [if any] in the
admission of evidence is cured where the same evidence comes in elsewhere without objection.” 
Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim.
App. 2004); see Roberson v. State, 100 S.W.3d 36, 40 (Tex.
App.—Waco 2002, pet. ref’d).  As the State points out, Detective Steve January,
Mark Hodde, and June Hodde all testified without objection to the contents of
the photographs.  A list of items stolen from the Hoddes’ home, including items
depicted in the photographs, was admitted into evidence without objection.  In
light of this unobjected to evidence, any error in admitting the photographs was harmless. 
See Lane, 151 S.W.3d at 193; see also Roberson, 100 S.W.3d at 40.

Accordingly, we overrule
Phillips’s sole issue and affirm the trial court’s judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed October 3, 2007

Do not publish

[CR25]

 

 

 

 









[1]             Article 39.14 of the
Code of Criminal Procedure provides for discovery of particular evidence that
is in the “possession, custody or control of the State or any of its agencies.” 
Tex.
Code Crim. Proc. Ann.
art. 39.14(a) (Vernon Supp. 2006).  “[D]enial of a proper discovery request, either during
or before trial, may violate a defendant's due process rights.”  Valdez v. State, 116 S.W.3d 94, 99 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d); see Ealoms v. State, 983 S.W.2d 853, 859
(Tex. App.—Waco 1998, pet. ref'd).